ROBERT R. PRANN, Plaintiff and Appellant, *v.* FÉLIX BENÍTEZ REXACH ET AL., Defendants and Appellees.

No. 6015.    Argued April 11, 1932.—Decided April 15, 1932.

*Juan B. Soto* for appellant.    *R. Buscaglia* for appellee Rexach.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

A district court on motion of the defendant, Benítez Rexach, ordered that certain averments be stricken from the complaint and at the same time sustained a demurrer interposed by the other defendants for want of facts sufficient to

constitute a cause of action as to such defendants. Later a judgment was entered dismissing the action as to the defendants whose demurrer had been sustained. Plaintiff moved to amend this judgment so as to enable him to obtain a review on appeal of the order sustaining the motion to strike. By an amended judgment the district court then dismissed the action as a whole and Benítez Rexach, appellee, now moves to dismiss an appeal from that judgment because the defendants whose demurrer had been sustained were not served with a notice of appeal.

The transcript of the judgment roll is certified by the attorney for plaintiff, the attorney for Benítez Rexach, and the "attorney for the other appellees." This transcript was certified long after the expiration of the statutory period within which an appeal may be perfected by the service of a notice of appeal upon the adverse party or his attorney and the filing of such notice with the secretary of the district court. Whether or not the action of counsel for the appellees as to whom the action had been originally dismissed could be construed as an appearance amounting to a waiver of service is a question that need not now be determined. The waiver, if any, came too late to confer upon this Court jurisdiction to review the order of the district court sustaining the demurrer and dismissing the action as to those defendants who had demurred to the complaint.

It does not follow, however, that the appeal should be dismissed.

After dismissal of the action as to the defendants who had demurred, they had no interest in any subsequent step or proceeding in the controversy between plaintiff and the defendant, Benítez Rexach, provided, of course, that the said judgment of dismissal be not affected by such subsequent step or proceeding. Benítez Rexach is the only defendant who has any interest in an affirmance or a reversal of the

ruling upon his motion to strike certain averments from the complaint. An affirmance or a reversal of that ruling, or an affirmance or reversal of the judgment of dismissal so far and only so far as the defendant, Benítez Rexach, is concerned, would not deprive the other defendants of any benefit or advantage resulting from the judgment of dismissal as to them.

As pointed out in *Bell* v. *San Francisco Savings Union,* 153 Cal. 64, 71:

"If a judgment may be modified in any manner favorable to the appellant without injuriously affecting the interest of the party not served, the appeal will not be dismissed. In such case the court will, notwithstanding the failure to serve a party, 'decide the case with respect to the interests of the other parties, so far as it may be done without injuriously affecting' the interest of the party not served. *Burnett* v. *Piercy,* 149 Cal. 178, (86 Pac. 603); *Williams* v. *Santa Clara Min. Assoc.,* 66 Cal. 195, (5 Pac. 85)."

In order that appellant may obtain a review of the ruling upon the motion to strike, the motion to dismiss the present appeal will be denied.

Mr. Justice Wolf took no part in the decision of this case.